FORESTER, KARL S.,
Dissenting.
I agree with the well-written majority opinion on all points except the question relating to the reasonableness of the officers’ actions under the Fourth Amendment. Because I believe that the officers acted reasonably under the circumstances and did not use excessive force, I would grant them qualified immunity in the present case.
I accept, as I must, Abel’s story that he believed that the officers were surveyors or homeowners intent on doing him harm. However, the court must view the officers’ actions from the viewpoint of the officers, not Abel, in determining whether the officers acted reasonably under the circumstances. See Graham v. Connor, 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989) (“The ‘reasonableness’ of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.”).
Returning to the three factors enuneiated by the majority, the majority states that the second and third factors militate against a finding of reasonableness, but it is my opinion that they require a finding that qualified immunity is appropriate. As to the second factor, there is no question that the suspect posed an immediate threat to the safety of the officers and others. The officers were searching for Abel in the first instance because he had just fled what was believed to be a potentially violent bank robbery. While no bloodshed had occurred, Abel had clearly implied that he was not only armed, but willing to use force against innocent bystanders. Therefore, Abel was believed to be armed and dangerous at the time of the search. A fleeing felon — considered armed and willing to use force — can only *653 be considered an immediate threat to the safety of the officers and of others. Further, he had chosen to escape to a residential neighborhood where he admitted that he had observed children playing nearby. The very presence of an armed and fleeing felon posed a serious threat to homeowners, residents, and children in the area. Focusing on the third factor, the majority does not discuss these facts, but I believe they require a finding that the second factor is in favor of the officers.
As to the third factor, even when viewed in a light most favorable to Abel, I believe the evidence indicates that Abel actively resisted arrest and that the force used by the officers in response was reasonable. Abel contends that the officers initially kicked him twice in the back of the head and neck. However, this was at the point when, as Abel himself admits, he had seen the officers and was trying to exit from underneath the porch because he believed they were civilians bent on apprehending or harming him. It was entirely reasonable for the officers, who had been pursuing this fleeing and armed felon for several hours, to conclude that Abel was attempting to continue his flight or escape at this moment and, thus, reasonable for them to attempt to stop him.
Then, as Abel also admits, during the initial seconds of the encounter Abel was able to bring an officer to the ground and thereafter admittedly tried to prevent the officers from subduing him. From Abel’s perspective, all actions that followed were taken in self-defense, but observing the actions from the officers’ perspective, as we must, it was entirely reasonable for them to have understood Abel’s actions to be an attempt to escape or resist arrest. Abel admitted as much when he told the officers in an interview after the arrest that he believed the officers “did what they needed to do” to effect his arrest and that he had nobody to blame but himself for the injuries he sustained. The fact that Abel thought the officers were civilians and believed he was acting in self-defense is irrelevant; it still appeared to the officers as though he was resisting arrest and attempting to continue his flight. Given the officers’ view of the situation, I believe it was reasonable of them to move “quickly and aggressively to end the confrontation.” Lyons v. City of Xenia, 417 F.3d 565, 578 (6th Cir.2005).
In sum, I believe that all three factors to be considered in the reasonableness analysis require a finding that the officers acted reasonably in the present case, I would reverse the district court and find that the officers were entitled to qualified immunity in the present case.